# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

The Huntington National Bank, a
National banking association,

      Plaintiff,

v.

Big Sky Development Flint, LLC, a Michigan
limited liability company, Big Sky Development
Grand Rapids, LLC, a Michigan limited liability
Company, Big Sky Development Saline, a Michigan
limited liability company, Ian W. Schonsheck,
individually and as Trustee of the Ian W. Schonsheck
Revocable Living Trust Agreement dated 12/11/90,
as amended, Stephan J. Dackiw, individually
and as Trustee of the Stephan J. Dackiw Trust
Agreement dated 6/22/99, Richard J. Hartigan,
Individually and as Trustee of the Richard J. Hartigan
Trust Agreement, dated 9/19/96, Hyman Stollman,
Individually and as Trustee of the Hyman Stollman
Revocable Living Trust, dated 10/28/93,
Jointly and Severally,

      Defendants.

_____/

BARRY COHEN, an individual,

      Intervening Plaintiff,

v.

Big Sky Development Flint, LLC, a Michigan
limited liability company, Big Sky Development
Grand Rapids, LLC, a Michigan limited liability
Company, Big Sky Development Saline, a Michigan
limited liability company, Ian W. Schonsheck,
individually and as Trustee of the Ian W. Schonsheck
Revocable Living Trust Agreement dated 12/11/90,
as amended, Stephan J. Dackiw, individually
and as Trustee of the Stephan J. Dackiw Trust
Agreement dated 6/22/99, Richard J. Hartigan,
Individually and as Trustee of the Richard J. Hartigan
Trust Agreement, dated 9/19/96, Hyman Stollman,
Individually and as Trustee of the Hyman Stollman

Case No. 2:10-cv-10346
Hon. Avern Cohn
Magistrate Judge Mona K. Majzoub

**THE BIG SKY DEFENDANTS'
RESPONSE TO BARRY COHEN'S
MOTION TO DISMISS, AND
BRIEF IN SUPPORT**

Revocable Living Trust, dated 10/28/93,
Jointly and Severally,
     Defendants.
_____/

## THE BIG SKY DEFENDANTS' RESPONSE TO
## <u>BARRY COHEN'S MOTION TO DISMISS</u>

     Big Sky Defendants (which include all Defendants other than Defendants Stollman, Dackiw and Hartigan, and their trusts) request that this Honorable Court deny Intervening Plaintiff Barry Cohen's (sometimes referred to as "Plaintiff Cohen") motion to voluntarily dismiss his intervention complaint. Alternatively, the Big Sky Defendants request that this Court dismiss Plaintiff Cohen's complaint with conditions. In any event, the Big Sky Defendants' request an award of costs and fees.

**THE BIG SKY DEFENDANTS' BRIEF IN SUPPORT OF
ITS RESPONSE TO BARRY COHEN'S MOTION TO DISMISS**

**CONCISE STATEMENT OF ISSUES PRESENTED**

1. A voluntary dismissal under F.R.Civ.P. 41 is inappropriate in this case because Intervening Plaintiff Cohen is merely trying to negate this Court's adverse rulings, through a voluntary dismissal and forum shopping. Not only has Plaintiff Cohen already filed a second action -- involving the same dispute -- in state court (*Barry Cohen v Ian Schonsheck, et. al.,* Wayne County Circuit Court case number 10-010281-CZ, Honorable John A. Murphy presiding, herein referred to as the "State Court Suit"), but he has already taken positions in that State Court Suit that are inconsistent with positions Plaintiff Cohen took in the instant case, and he has taken positions inconsistent with the rulings and orders of this Federal Court.

2. If this Court allows Plaintiff Barry Cohen to voluntarily dismiss his claims under F.R.Civ.P. 41(a), the Court should do so with the imposition of conditions. Specifically, the Court should impose conditions preserving rulings made by this Court, such that this Court's rulings and orders are binding in the subsequently-pending State Court Suit. Among other things, these conditions should include Barry Cohen's agreement and stipulation, embodied in a court order, to have the following rulings of this Court apply in the State Court Suit, and any other litigation Plaintiff Cohen files concerning these matters.

   a. Barry Cohen is, in his individual capacity, a member by estoppel in Big Sky Partners, LLC and Big Sky Partners Two, LLC ("BSPart1" and "BSPart2," collectively, the "BSParts"), pursuant to prior rulings of this Court.

b. Barry Cohen owes capital calls of $539,500 to the BSParts, and that obligation is enforceable against Barry Cohen in his individual capacity by the BSParts, pursuant to prior rulings of this Court.

c. Barry Cohen has all other obligations of membership of the BSParts, pursuant to prior rulings of this Court, including but not limited to obligations to contribute towards payments made by personal guarantors of obligations of the BSParts, totaling approximately $150,000.

d. Any interest of Barry Cohen in the BSParts has been diluted to zero because he and his assignor failed to make capital calls, pursuant to prior rulings of this Court.

e. Plaintiff Cohen cannot assert any claims against the Defendants and their affiliates concerning the Huntington Transactions, defined below.

3. In any event, this Court should award the Big Sky Defendants' their costs and fees.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES
## FOR THE RELIEF SOUGHT

**Cases**

*Bobo v. Christus Health*, 227 F.R.D. 479 (E.D. Tex. 2005)

*Chandler v Case Western Reserve University,* 57 Fed. Appx. 683, 686 (6th Cir. 2003)
(unpublished)

*GAF Corp v. Transamerica Insurance Company*, 665 F.2d 364, 367 (U.S.D.C. 1981)

*JNCC, LLC v. Metropolitan Title Company*, 2010 WL 2836337 (Mich. App. 2010)

*Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 474 (7th Cir.1988).  *Id.*  at 927.

*Maldonado v Thomas Cooley Law School,* 65 Fed. Appx. 955, 956) (6th Cir. 2003)

*Ohse v. Hoffman-La Roche, Inc*., 2002 WL 171989 (N.D. Ill. 2002)

*Oxford v. Williams Companies, Inc.,* 154 F.Supp.2d 942, 951 (E.D.Tex.2001)

*Parker v Freightliner Corp.,* 940 F.2d 1019 (7th Cir. 1991)

*United States v. Outboard Marine Corp.,* 789 F.2d 497, 502 (7th Cir.1986);

*Wojtas v Capital Guardian Trust Company* 477 F. 3d 924, 927 (7th Cir. 2007)


**Statutes**

MCL 450.4506(2)

**Court Rules**

F.R.Civ.P. 41

**Introduction**

Plaintiff Cohen is engaging in forum shopping and other improper conduct. Barry Cohen's Motion for Voluntarily Dismissal (the "Dismissal Motion;" Docket No. 40) is, among other things, Mr. Cohen's attempt to obtain relief from this Court's Memorandum and Order filed on September 16, 2010 (the "September 16 Opinion;" Docket No. 38), without going through the proper channels of appealing the Court's decision and order to the Sixth Circuit Court of Appeals.

Plaintiff Cohen has obtained some of the relief he requested from this Court, and was denied some of the relief he requested before this Court. Essentially, Plaintiff Cohen requested that this Court rule that he was bound by the operating agreements concerning BSPart1 and BSPart2 as a legal member, or through equitable estoppel. The Court found Plaintiff Cohen was a "member by estoppel" of the BSParts, finding that Plaintiff Cohen owed capital calls and that his membership interests had been diluted to zero for failure to make such calls. However, the Court denied all of Plaintiff Cohen's requests concerning Huntington Banks loan documents with the Defendants, and found, essentially, that the parties had proceeded properly with respect to Huntington Bank loan agreements and the foreclosure (the "Huntington Transactions").

Thus, Mr. Cohen subsequently initiated a lawsuit in the Wayne County Circuit Court (*Barry Cohen v Ian Schonsheck, et. al.,* Wayne County Circuit Court case number 10-010281-CZ, Honorable John A. Murphy presiding, the "State Court Suit"), asserting claims and requesting relief concerning the Huntington Transactions, and requesting that the State Court find that Plaintiff Cohen is not bound by the BSParts' operating agreements, and finding that Plaintiff Cohen is not liable for capital calls and other obligations under those agreements -- all of which directly contravene prior rulings of this Federal Court. Mr. Cohen's attempt to

circumvent this Court's rulings should not be tolerated nor facilitated by his request for a voluntary dismissal.

### People and Entities Involved with Plaintiff Cohen's Motion to Dismiss

| | |
|---|---|
| **Plaintiff** **Barry Cohen** | Plaintiff Barry Cohen is a Las Vegas, Nevada-based individual who had business dealings with one or more of the Hagen Defendants. |
| **Big Sky Development Defendants ("BSDevs")** | The three BSDevs operated three storage facilities in Michigan. |
| **Big Sky Partners Defendants ("BSParts")** | Defendants Big Sky Partners LLC ("BSPart1") and Big Sky Partners Two LLC ("BSPart2") (collectively referred to as "the BSParts") are limited liability companies that own BSDev Flint, BSDev Grand Rapids, and BSDev Saline. |

### Substantive Background Facts

Each of the three BSDev LLCs had a facility for lease to the public that includes storage units, and some facilities also have other types of space  for lease. Again, the BSParts own membership interests in these BSDev LLCs.

*Plaintiff Cohen received assignments of*
*limited to rights to distributions from the BSParts*

Prior to approximately June 18, 2008, U.S. Storage Depot, was a member in the two BSParts Defendants (Big Sky Partners, LLC and Big Sky Partners Two, LLC).  However, as a result of litigation from some business (or other) dealings between U.S. Storage Depot (and/or its affiliates) and Plaintiff Cohen, U.S. Storage Depot made assignments of its interests in the BSParts to Plaintiff Cohen, effective as of June 18, 2008.

*However, an Assignee does NOT (automatically) become a Member*

Michigan Law is clear that an "assignee" of membership interests, such as Plaintiff Cohen, does not have rights of a member, and cannot participate in management of the company

or exercise any rights of a member -- unless, he is independently admitted as a member of an LLC.  Indeed MCL 450.4505(2) specifically provides:

> "An assignment of a membership interest **does not of itself entitle the assignee to participate in the management and affairs of the company or to become or exercise any rights of a member**. An assignment entitles the assignee to receive, to the extent assigned, only the distributions to which the assignor would be entitled." (Emphasis added.)

Thus, Plaintiff Cohen only obtained rights to receive distributions of the Assignor.[1]

### *Cohen Seeks to Intervene as Plaintiff in this Federal Case*

After filing a successful motion to intervene (discussed in more detail below), Plaintiff Cohen submitted his "Complaint of Intervening Plaintiff" (the "Intervention Complaint; Docket No. 23) on July 22, 2010.  In the Intervention Complaint, Mr. Cohen argued, among other things, that he should have the benefits and obligations of membership in the BSParts, and that the Court should find that the Huntington Transactions were improper, specifically requesting that the Court void an agreement and grant relief from the receivership order.

### *This Federal Court correctly found that*
### *Plaintiff Cohen was not a legal  member of the BSParts*

In a June 29, 2010 Order (the "June 29 Opinion," Docket No. 22, at Exhibit 1), this Court specifically held that, under Michigan law, Plaintiff Cohen was not a member of the BSParts. See page 13 of Exhibit 1, where this Court stated:

> Because Cohen has not shown that he is a member as a matter of law, he is only entitled to a share of [BSPart1's] and [BSPart2's] profit streams.  Without a vote or voice in management, Cohen's indirect interest is insufficient to justify his intervention.

Thus, this Court specifically held that Plaintiff Cohen is not a member of the BSParts.

---

[1] The factual background of this case is well documented by the Court in its June 29 Opinion (Docket No. 22) and in its September 16 Opinion (Docket No. 38) and for the most part will not be repeated herein except for those facts relevant to the present Dismissal Motion.

*Nonetheless, this Court estopped Plaintiff Cohen from
claiming he was not a member in the BSParts, at his request and motion*

However, in this Federal Court Case, Plaintiff Cohen argued, and the Court found (on Cohen's request and moving papers, see reply in support of Plaintiff Cohen's motion to intervene, at Docket No. 18) that the BSParts, and BSD Flint, BSD Grand Rapids, and BSD Saline were estopped from asserting that Plaintiff Cohen is <u>not</u> a member of the BSParts.  See this Court's June 29 Opinion, at Exhibit 1.  With foresight that Cohen did not have at the time, this Court suggested that Plaintiff Cohen would probably not want to live with the consequences of his successful motion:

> For all that the Court knows, it [Cohen's request for estoppel and intervention] may be a self inflicted wound.  The consequences of allowing his intervention are for another day.  (See page 18 of Exhibit 1.)

Indeed, in the State Court Suit, Plaintiff Cohen is attempting to undo the ruling that he successfully obtained from this Federal Court (that he is an "estoppel member" of the BSParts).

*This Court has also ruled that Plaintiff
Cohen owes capital calls to the BSParts*

As discussed above, in this Federal Case, Plaintiff Cohen successfully argued that he is a member by estoppel of the BSParts.  Thus, as an assignee who becomes a member (even by estoppel), Plaintiff Cohen undertakes the liabilities and obligations of the assignor, including the obligation to make capital calls.  See MCL 450.4506(2).

This Court has already ruled that Plaintiff Cohen owes capital calls concerning the BSParts, and that his assigned percentage has been reduced to zero -- and thus, he has no standing to assert his claims concerning the Huntington Transactions.   Indeed, this Court specifically found:

> <u>**Big Sky says that Cohen failed to fulfill his $539,500 capital call obligation, for which he is liable as an assignee under Michigan law.**</u> Also relying on the Operating Agreements, Big Sky says that any membership rights that Cohen may

4

have had are diluted to zero because of his failure to pay. Thus, Big Sky says Cohen has no voting rights and his consent was not required to approve the disputed transactions…

This Court specifically adopted the Defendants' position, and held and ruled that Plaintiff Cohen owes the capital calls, and that his interest percentages are reduced to zero, holding:

> The Court agrees with Big Sky and Huntington. **Under Michigan law, Cohen, as assignor, assumed the liabilities of his assignor and is bound by the Big Sky Operating Agreements. Cohen did not fulfill his capital call obligations. Thus, Cohen breached the Operating Agreements and his ownership percentage was diluted to zero. Moreover, Cohen lost his voting rights because he failed to pay the capital calls**. See Docket No. 38, at Exhibit 2, page 11.

Thus, under this Court's rulings, Plaintiff Cohen is liable for $539,500 in capital call obligations to the BSParts, and his interests have been diluted to zero. Cohen should not escape the ruling of this Court, which he actually requested, by proceeding with his dismissal motion.

*This Court ruled that the Huntington Transactions were proper,*
*and therefore Plaintiff Cohen has no related claims*

Additionally, in this Court's September 16 Opinion, the Court also found that Plaintiff Cohen could not challenge the Huntington Transactions due to the fact that his interest in the BSParts was diluted zero, and that the relevant loan documents were drafted and signed prior to Cohen's assignment in 2008. Additionally, this Court held that Plaintiff Cohen had no claims that the relevant operating agreements were violated concerning the Huntington Transactions, among other things. See this Court's September 16 Opinion, at Docket No. 38, at pages 11-13. Thus, the Court ruled that Cohen had no challenges concerning the Huntington Transactions.

*Plaintiff Cohen initiated the State Court Suit*
*to circumvent this Court's rulings*

Notwithstanding the rulings referenced above, Plaintiff Cohen initiated the State Court Suit in Wayne County Circuit Court, Michigan. In the State Court Suit, Plaintiff Cohen is

asserting claims based upon substantially the same operative facts and substance as his claims in

this Federal case.  See the amended complaint filed by Barry Cohen in the State Court Suit, at

Exhibit 3.  Among other things, this Court should note the following.

1. Barry Cohen is a plaintiff in both proceedings.

2. In both cases, Cohen has asserted claims against and concerning BSD Flint, BSD Grand Rapids, BSD Saline, and Ian Schonsheck, and claims concerning BSP1 and BSP2.

3. In both cases, Cohen asserts numerous allegations challenging certain stipulations and agreements reached between Plaintiff Huntington National Bank ("Huntington") and BSD Flint, BSD Grand Rapids, and BSD Saline.

4. In both cases, Cohen seeks a declaratory judgment that Big Sky Defendants acted without proper authority.  (See, especially, paragraph 51-55 of Cohen's intervening complaint in this Federal Case, at Exhibit 4 and Count 4 of Cohen's amended complaint in the state court action at Exhibit 3).

5. In both cases, Cohen asserts numerous allegations relating to agreements reached with Huntington and stipulations concerning Huntington's receivership order.

6. In both cases, Cohen seeks a declaration of party's rights under the applicable operating agreements.

Specifically, Plaintiff Cohen has asserted allegations concerning the Huntington

Transactions, in the State Court Case, which have been specifically resolved by this Federal

Court, including the following.

- Schonsheck entered into stipulations with Huntington Bank concerning Huntington's enforcement of its mortgages on real property owed by certain Big Sky Defendants. Amended Compl., ¶61 (by reference to ¶55).

- In entering into those stipulations, Schonsheck sought to protect his own interests rather than the interests of the BSDevs.  Amended Compl. ¶61 (by reference to ¶56).

- Such conduct by Schonsheck had a negative effect on the value of Plaintiff's direct or indirect interests in those LLC (i.e. harm to the LLCs resulted in a negative effect on the value of Plaintiff's interests).  Amended Compl., ¶61 (by reference to ¶57).

6

Significantly, Plaintiff Cohen continues to argue that the Huntington Transactions were improper, and that he has rights and remedies concerning those transactions, despite this Court's rulings directly to the contrary.

Also significantly, Plaintiff Cohen is now arguing that he is not bound by the operating agreements of the BSParts, contrary to the rulings of this Federal Court, contrary Plaintiff Cohen's pleadings in this Federal Court case, and contrary to Plaintiff Cohen's successful requests and motions before this Federal Court.  Thus, Plaintiff Cohen is not only engaging in forum shopping, but he is engaging in "claims shopping" and "rulings shopping"; this Court should not allow such improper conduct by Plaintiff Cohen and his counsel.[2]

<u>**Discussion**</u>

**1. This Honorable Court Should Deny Barry Cohen's Motion to Dismiss**

This Court should deny Intervening Plaintiff Cohen's motion for a voluntary dismissal because, after extensive briefing, the Court has already ruled on substantive issues raised by

---

[2] In the State Court Suit, Plaintiff Cohen filed an unsuccessful motion for a preliminary injunction, seeking to prevent other banks -- like Huntington in this case -- from proceeding to enforce rights they have under loan agreements with the Big Sky Defendants and affiliates.  This motion for an injunction demonstrates additional improper motivation, goals and conduct by Plaintiff Cohen.  Indeed, Plaintiff Cohen is attempting, through coercion and abuse of process in the State Court Suit, to obtain control of facilities owned by the Big Sky Defendants or their affiliates.  See affidavit Exhibit 5.

However, this improper conduct is only the beginning for Plaintiff Cohen.  If he succeeds in his plan of obtaining control of BSDevs facilities, he wants to breach a variety of contracts that affiliates of the Big Sky Defendants have with their first secured mortgage lenders and other venders of the facilities (lawn care, snow removal, and other venders and suppliers).  Plaintiff Cohen wants to breach these contracts with nonbanks, as well as with the banks, so that he can have a strategic advantage in bankruptcies by establishing multiple classes of creditors.  Thus, if Plaintiff Cohen "takes down" the small-guy venders in addition to the banks, he thinks he would be better able to fight the banks and coerce them into renegotiating the loans either prior to, or after filing, a bankruptcy. Plaintiff Cohen also apparently has a plan to threaten and/or file bankruptcies in expensive jurisdictions, outside of Michigan, as part of his coercion plan. This conduct should not be allowed.

Cohen, and opposed by the Big Sky Defendants (and others). Moreover, Plaintiff Cohen has made it clear that he is actively forum shopping, taking positions that are adverse to this Court's rulings.

Federal Rule of Civil Procedure Rule 41(a)(2) provides:

> ***By Court Order, Effect.*** Except as provided in Rule 41(a)(1), an action **may** be dismissed at the plaintiff's request only by court order, **on terms that the court considers proper**. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objections only if the counterclaim can remain pending for independent adjudication….

Whether a motion should be granted under Rule 41(a)(2) is not a matter of right, but instead is left to the discretion of the trial court, and the trial court should exercise its discretion to deny the motion when warranted. See *Wojtas v Capital Guardian Trust Company* 477 F. 3d 924, 927 (7th Cir. 2007). Among other things, it is an abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would suffer "plain legal prejudice" as a result. *Id*.

In *Wojtas* the plaintiffs were owners of IRAs who asserted claims alleging a breach of fiduciary duty against Defendant Capital Guardian Trust Company, after an employee of Defendant embezzled their funds. The Defendant argued that Plaintiff's claims were barred by the applicable Wisconsin statute of limitation. *Id*. at 925. Instead of responding to the merits of the Defendant's argument, *Wojtas* moved for a voluntary dismissal under F.R.Civ.P. 41(a)(2) seeking to be able to re-file their action in Illinois where a longer statute of limitations would preserve their claims. *Id*. at 925-26. The Court denied the motion for voluntary dismissal. Id. at 927.

The Court in *Wojtas* stated:

> When sought after a defendant has filed an answer, voluntary dismissal may be obtained only "upon order of the court and upon such terms and conditions

as the court deems proper." FED.R.CIV.P. 41(a)(2). Motions for voluntary dismissal under Rule 41(a)(2) are committed to the district court's discretion, **but it is an abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would suffer "plain legal prejudice" as a result**. *United States v. Outboard Marine Corp.,* 789 F.2d 497, 502 (7th Cir.1986); *Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 474 (7th Cir.1988). *Id.* at 927.

The Seventh Circuit Court of Appeals in *Wojtas* found that the Defendant would suffer legal prejudice, sufficient to justify the denial of the motion for voluntary dismissal, since the Defendant would lose the benefit of being able to argue and rely upon the statute of limitations under Wisconsin law, where the action was originally filed. The *Wojtas* Plaintiffs were essentially forum shopping, seeking to benefit in another forum after filing in federal court in Wisconsin – the Plaintiffs simply wanted to re-file the action in a different court (in Illinois). Thus, the Seventh Circuit found that the District Court had properly denied the Plaintiff's Motion for Voluntary Dismissal under F.R.Civ.P. 41(a)(2).

It is clear that a party may not dismiss under F.R.Civ.P. 41(a) when the motivation for seeking the dismissal is forum shopping. See *Weathersby v General Motors Corp.,* 2006 WL 2865058 (N.D. Miss. 2006), where the district court denied a motion to dismiss, finding that the plaintiff was motivated to seek dismissal after receiving adverse rulings by the federal district court, and finding that the plaintiff wished to re-file her case in state court. *Id* at *2.

Also see *Davis v Huskipower Outdoor Equipment Corp.,* 936 F.2d 193 (5th Cir. 1991), where the 5th Circuit Court of Appeals affirmed denial of a motion to dismiss that was filed after a federal magistrate had issued a recommendation adverse to the plaintiff's position. *Id* at *199.

The Sixth Circuit Court of Appeals has recognized that a district court may exercise its discretion and deny a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). In *Maldonado v Thomas Cooley Law School,* 65 Fed. Appx. 955, 956) (6th Cir. 2003), the Plaintiff had initially filed his claims in Texas, and then his claims were transferred to the

Western District of Michigan. Id. at *1. The Plaintiff claimed that the Defendant law school had improperly refused to convey a degree upon him. *Id.* The Sixth Circuit Court of Appeals decided the motion for voluntary dismissal because the Defendant would be prejudiced.

In *Bobo v. Christus Health*, 227 F.R.D. 479 (E.D. Tex. 2005) the district court held that a **dismissal should be denied where the plaintiff has requested a voluntary dismissal to avoid an adverse result or ruling by the district court.** *Id*. at 481. In *Bobo* the Plaintiff brought claims against a non-profit hospital for excessive billing practices. Id. at 480. The Court noted that the case was part of a trend by Plaintiffs across the country in bringing class actions cases challenging non-profit hospital billing practices. *Id*. at 479. The Court noted, "[t]he plaintiffs in these copycat cases have not fared well" and that the majority of those types of cases around the country had ended up being dismissed. *Id.*

The Plaintiff in *Bobo*, recognizing that she was likely to face an adverse ruling by the Court, brought a Motion for Voluntary Dismissal under F.R.Civ.P. 41(a)(2). In ruling on the Motion the Court stated:

> Rule 41 of the Federal Rules of Civil Procedure allows plaintiffs to dismiss their lawsuits subject to court approval. FED. R. CIV. P. 41(a); *Oxford v. Williams Companies, Inc.,* 154 F.Supp.2d 942, 951 (E.D.Tex.2001). However, this court has previously held that denial of **a voluntary motion to dismiss is appropriate "where (1) dismissal would preclude the court from deciding a pending case or claim-dispositive motion, or (2) there is an objectively reasonable basis for requesting that the merits of the action be resolved in the current forum to avoid legal prejudice**." *Oxford,* 154 F.Supp.2d at 951; *citing Radiant Tech. Corp. v. Electrovert USA Corp.,* 122 F.R.D. 201, 202 (N.D.Tex.1988). **Furthermore, "outright dismissal should be refused when a plaintiff seeks to circumvent an expected adverse result."** *Oxford,* 154 F.Supp.2d at 951.
>
> Clearly, the plaintiff's Rule 41 motion in the present case is an effort to avoid the expected adverse result that has occurred in not-for-profit hospital cases nationwide. The plaintiff's motion is particularly suspect considering it was filed one day after the defendants moved for judgment on the pleadings. In accordance with this court's ruling in *Oxford,* Bobo should not be permitted to unilaterally dismiss her action against Christus Health at this stage of the case. The defendants have answered Bobo's complaint and have filed their motion for

10

judgment on the pleadings. Granting the plaintiff's motion would preclude the court from deciding this case on its merits, and it is objectively reasonable for this court to decide this case on its merits -- or lack thereof -- in uniformity with courts nationwide. Therefore, the court is of the opinion that the plaintiff's motion for voluntary dismissal should be denied, and that the defendant's motion for judgment on the pleadings should be considered. *Id.* at 482.

Likewise, in *Oxford v. Williams Companies, Inc.*, 154 F. Supp.2d 942 (E.D. Tex. 2001), the Plaintiff sought to bring a class action on behalf of Texas landowners concerning construction of a fiber optic network, and the court denied their request to bring the action as a class action. *Id*. at 945.   In denying the motion for voluntary dismissal, the Court noted that there were prior rulings adverse to the plaintiff that prevented dismissal.

> ### **There are prior court determinations which were adverse to the plaintiffs.**
> This court has previously denied the plaintiffs' motion to remand. Further, two defendants named by the plaintiffs were found to have been fraudulently joined and therefore were dismissed. Additionally, the Fifth Circuit Court of Appeals denied plaintiffs' petition for leave to appeal this court's denial of class certification under FED.R.CIV.P. 23(f). *See Oxford v. Williams Companies,* Order No. 01-4 (5th Cir. Mar. 28, 2001). *Id*. at 952 -953.

Thus, the Court denied the motion for a voluntary dismissal.

Clearly, a motion for voluntary dismissal is not a matter of right. Moreover, a Court can and should deny such a motion in a variety of situations, such as when there have been rulings adverse to the plaintiff, when the Defendants would be prejudiced, or when the Plaintiff if forum shopping. All of these factors prevent dismissal in this case.

Indeed, in the instant case Plaintiff Cohen recognizes that that the Court has made rulings adverse to his interests, even though he actually requested some of the rulings. Cohen now seeks to avoid the impact of these rulings by seeking to dismiss his claims in this Federal Court, so that he can complete his forum shopping and proceed in state court in Michigan, in the Wayne County Circuit Court – where he is taking positions contrary to those taken in this case.

Allowing Plaintiff Cohen to do this would subject the Defendants to legal prejudice, since Cohen would attempt to avoid the rulings and findings of this Honorable Court, which, among other things, may subject the Defendants to potentially conflicting or contradictory rulings. Further, a Rule 41(a)(2) dismissal should not be permitted to be used by a party seeking to avoid adverse rulings by a court, and essentially get a "second bite at the apple" in a different forum.

### 2. The Court Should Impose Conditions If It Grants a Motion for Voluntary Dismissal

Court-imposed conditions on a voluntary dismissal under Rule 41(a)(2) include (1) conditions relating to the case being dismissed, and also include (2) conditions on other actions that the plaintiff may bring.

In *Parker v Freightliner Corp.,* 940 F.2d 1019 (7th Cir. 1991), the district court had conditioned a dismissal under Rule 41 upon the requirement that, if the plaintiff re-filed the suit, the order of the federal court barring expert testimony would remain in effect in any such re-filed action. The Seventh Circuit Court of Appeals upheld this condition -- that the dismissing court's order barring expert testimony be in full force and effect in any subsequent action. *Id*. at 1023-24.

In *Parker*, a truck driver brought a claim for injuries sustained as a result of an allegedly defective seat. *Id*. at 1021. Defendant National Seating issued and served discovery requests on Parker, which he failed to answer. *Id*. at 1021. The Court therefore granted the defendant's motion to bar the introduction of expert testimony by Plaintiff Parker. *Id*.

Plaintiff then moved for voluntary dismissal. Defendant National Seating was concerned that a voluntary dismissal would allow Parker to circumvent the Court's ruling on the use of expert testimony.  The Court granted National Seating's request to amend the order granting the voluntary dismissal: the court ordered that if plaintiff Parker re-filed a suit, the order barring expert testimony would remain in effect in a subsequently filed action. *Id*. at 1022.  The Seventh

Circuit affirmed, and found that the district court did not abuse its discretion in entering the order barring plaintiff Parker from calling expert witnesses in any subsequently re-filed action. *Id*. at 1025.

The Sixth Circuit Court of Appeals has also recognized that "Rule 41(a)(2) authorizes the district court to voluntarily dismiss upon such terms and conditions as the court deems proper.'" *Chandler v Case Western Reserve University,* 57 Fed. Appx. 683, 686 (6th Cir. 2003) (see unpublished opinions, at Exhibit 6) concerned an employment discrimination case brought against a university. Id. at *1. In *Chandler*, the Court found that it was proper for the district court to condition the plaintiff's dismissal upon the requirement that, upon any re-filing, the Plaintiff would be obligated to pay the defendant's attorneys fees. *Id.* at 686.   The Sixth Circuit concluded this was not an abuse of discretion on the part of the district court. *Id*.

Likewise in *Ohse v. Hoffman-La Roche, Inc*., 2002 WL 171989 (N.D. Ill. 2002) (see unpublished opinions, at Exhibit 6) the district court noted that the plaintiff had made representations in seeking to dismiss his case regarding what actions he would take if he re-filed his case. *Id*. at *1. In *Ohse* the Plaintiff had brought a wrongful death product liability case based on his son's use of accutane. Id. at *1. The Court incorporated the plaintiff's representations into a written order. *Id*.  Specifically, the Court's Order of Dismissal provided that, in any subsequent action, the plaintiff must stipulate (1) to the entry of a protective order identical to the one previously entered by the district court in the first action, (2) that the plaintiff may not seek certain information in discovery, and (3) that the plaintiff was barred from using certain information in his case. Id. at *2.

Also see *Armstrong v Armstrong*, 132 F.R.D. 69 (D. Col. 1990), where the court conditioned dismissal upon a future requirement that court rulings and determinations in the dismissed case would apply to any subsequent proceeding.  Also see *Hemstreet v Duncan*, 2008

13

WL 2167137 (D. Or. 2008) (see exhibit 6), where the court ordered that dismissal was granted on the plaintiff's agreement to dismiss pending litigation with prejudice, and agree not to pursue further litigation concerning related claims.   Also see *In Re Phillips Petroleum Securities Litigation,* 109 F.R.D. 602 (D. Del. 1986), where the court ordered that the plaintiff could not re-file duplicative cases arising out of the same facts. *Id* at *609.

This Court should deny Cohen's Motion to Dismiss under Rule 41(a)(2) since it is clearly brought with the intention of avoiding the impact of the rulings which this Honorable Court has made.

Alternatively, if this Honorable Court does grant Cohen's Motion to Dismiss, this Court should impose the condition that this Court's findings and rulings will be stipulated to, and in full force and effect in the Wayne County state case, and that Cohen is precluded from arguing to the contrary. This should be embodied in a Court order and stipulation prior to dismissal.

### 3. In any event, this Court must award costs and fees to Defendants

In addition to establishing other, substantive conditions, this Honorable Court should also condition the dismissal upon Cohen paying the costs and attorneys fees incurred by Defendants in this litigation.   In *Chandler, supra* the Sixth Circuit Court of Appeals found that a dismissal under Rule 40(a)(2) could be conditioned upon requiring a payment of attorneys fees, if the Plaintiff elected to re-file her action. *Chandler*, 57 Fed.Appx. at 685-86 (see unpublished opinions, at Exhibit 6).  Courts have noted that attorneys fees and costs are commonly awarded as a condition of voluntary dismissal. *GAF Corp v. Transamerica Insurance Company*, 665 F.2d 364, 367 (U.S.D.C. 1981).[3]   In the instant case if this Honorable Court does allow Barry Cohen to

---

[3] In the *GAF* case, an asbestos litigation case including claims by GAF against Transamerica, GAF moved for voluntary dismissal which the District Court granted conditioned on a payment of costs and attorneys fees, the Court of Appeals found that the award of attorneys fees was appropriate and remanded the case for the district court to itemize the fees incurred. Id. at 370.

dismiss his claims, subject to the conditions set forth above (that this Honorable Court's rulings remain in effect), he must also be required to pay Defendants' attorneys fees and costs.

### Conclusion

As discussed above, this Court should not grant Plaintiff Cohen's motion for voluntary dismissal.

Alternatively, if this Court grants Plaintiff Cohen's motion for voluntary dismissal, it should only do so upon the conditions stated above, in the discussion of the concise statement of issues presented, at pages ii-iii.

In any event, this Court should award the Big Sky Defendants' their costs and fees.

Dated: December 23, 2010                              Respectfully submitted,

                                                      **Powell Murphy, PLLC**

                                                      By:  /s/ Steven C. Powell
                                                      Steven C. Powell (P39433)
                                                      Attorneys for the Big Sky
                                                      Defendants
                                                      322 N. Old Woodward
                                                      Birmingham, MI 48009
                                                      T: (248) 723-4390
                                                      F: (248) 646-3380
                                                      scpowell@powellmurphylaw.com

**INDEX OF EXHIBITS**

<u>Exhibit</u>      <u>Description</u>

1. This Court's June 29, 2010 Opinion, at Docket No. 22

2. This Court's September 16, 2010 Opinion, at Docket No. 38

3. Plaintiff Cohen's September 13, 2010 Amended Complaint filed in the State Court Suit

4. Plaintiff Cohen's July 22, 2010 Complaint in this Federal Case, at Docket No. 23

5. Affidavit of Ian Schonsheck

6. Unpublished Cases