UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL BANK,

    Plaintiff,

-vs-

                                   Case No.10-10346
                                   HON: AVERN COHN

BIG SKY DEVELOPMENT FLINT, LLC, et al.,

    Defendants,

and

BARRY COHEN,

    Intervenor.

_____/

**MEMORANDUM AND ORDER GRANTING INTERVENOR'S MOTION FOR VOLUNTARY DISMISSAL, DISMISSING AS MOOT INTERVENOR'S MOTION FOR A PROTECTIVE ORDER, AND DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER TO BRING COUNTERCLAIM AGAINST INTERVENOR**

**I.  INTRODUCTION**

This is a mortgage foreclosure action. Defendants Big Sky Development Flint, LLC; Big Sky Development Grand Rapids, LLC; and Big Sky Development Saline, LLC are Michigan Limited Liability Companies (collectively Big Sky). Plaintiff Huntington National Bank (Huntington) made loans to Big Sky, which were secured by mortgages on real property located in Flint, Grand Rapids, Saline, and Wixom, Michigan. After Big Sky defaulted on the loans, Huntington filed this action to collect payment on the loans secured by the Flint, Grand Rapids, and Saline properties (collectively Property).

Later, the parties agreed to a stipulated order appointing a receiver and memorializing a partial settlement agreement, which was entered by the Court. (Doc. 6).

However, Barry Cohen (Cohen), a disputed Big Sky Member, filed a motion to intervene to contest the receivership. The Court granted the motion, finding that Cohen stated sufficient facts to allow him to assert his membership rights. (Doc. 22).

Now before the Court is Cohen's motion for voluntary dismissal and a protective order pending the Court's decision related to the dismissal. Also, on February 1, 2011, the eve of the Court's decision on the fully-briefed previously stated motions, Big Sky filed a motion for (1) leave to amend answer and to bring a counterclaim against Cohen, and (2) joinder of Big Sky Partners, LLC and Big Sky Partners Two, LLC (collectively Big Sky Partners). (Doc. 50).

The Court originally scheduled this matter for hearing. However, upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(f)(2). For the reasons that follow, Cohen's voluntary dismissal motion will be granted and his motion for a protective order will be dismissed as moot. Further, the Court will deny Big Sky's motion for leave to amend because the proposed breach of contract counterclaims against Cohen are better suited for state court.

## II. FACTS

The pertinent facts related to the present motion as the Court understands them from the parties' papers are as follows.

### A.

Cohen was a disputed member of Big Sky and was not an originally named party to Huntington's action against Big Sky in which it sought repayment of defaulted loans on the Property. However, after the Court granted Cohen membership rights by estoppel, Cohen moved the Court to void the partial settlement and receiver appointment on the

ground that the Big Sky members did not have the authority to approve the agreements without majority, i.e., Cohen's, consent. (Doc. 24). On September 16, 2010, the Court denied Cohen's motion generally because his failure to pay member capital calls diluted his membership voting rights to zero, effectively defeating his argument that Big Sky's approval was invalid without his vote. (Doc. 38). At the same time, Huntington and the Receiver moved for an order approving the Property sale and transferring all liens, mortgages, claims, security interests and other encumbrances to net proceeds of sale, (Doc. 32), which the Court granted. (Doc. 38). According to Cohen, the Property sale has since closed.

B.

Big Sky opposed Cohen's motions to intervene and to void the settlement and receiver appointment. Since the Court's decisions on September 16, 2010, no discovery requests have been made by any named party. Prior to Cohen's present motion, there had been no requests to depose Cohen and no counterclaims asserted in response to his complaint. However, on December 20, 2010, three days before Big Sky filed a response opposing Cohen's motion, Big Sky notified Cohen of its desire to depose him on January 27, 2011. (Doc. 48-2). Further, as previously stated, on February 1, 2011, pending the Court's imminent decision as to Cohen's voluntary dismissal, Big Sky filed for leave to amend to file counterclaims against him and for joinder of Big Sky Partners. (Doc. 50). Finally, according to Cohen, Huntington consents to his dismissal from the lawsuit.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(a) (2) provides that, once an answer or motion for summary disposition has been filed, a matter may be voluntarily dismissed "at the

plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant a voluntary dismissal pursuant to Rule 41(a)(2) is a matter within the district court's discretion. Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir.1994). In determining whether to grant a dismissal without prejudice, the Court should consider whether the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice. Id. (quoting Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947)) (internal quotation marks omitted). The prospect of a second lawsuit, by itself, is insufficient to establish "plain legal prejudice." Id.

Factors considered in determining whether to award defense costs under Rule 41(a)(2) are: (1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation; (2) whether the defendant incurred substantial expenses in defending the action; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action. Yetman v. CSX Transp., Inc., No. 08-1130, 2009 WL 35351, at *3 (W.D. Mich. Jan. 6, 2009) (internal citation omitted).

### IV. ANALYSIS

#### A.

##### 1.

Cohen seeks voluntary dismissal because he says when the Court denied his motion to void the settlement agreement and receiver appointment and granted Huntington and the Receiver's motion to approve the Property sale, his involvement in the case ceased. Cohen further asserts that the previous lack of discovery, deposition requests, and counterclaims supports the dismissal. Finally, Cohen says that if Big Sky wishes to litigate

other issues, it is free to do so in a pending state court case, in which Cohen asserts claims against Big Sky in four counts: (1) intentional interference with Cohen's existing business relationships; (2) intentional interference with Cohen's prospective business relationships; (3) civil conspiracy; (4) declaratory judgment against Big Sky's ability to collect unpaid capital calls. (Doc. 43-3).

2.

In response, Big Sky says that Cohen's motion for voluntary dismissal amounts to forum shopping. Particularly, Big Sky says that because Cohen received an adverse decision here, as to his rights in the Big Sky membership, (Doc. 38), he is now hoping to evade the Court's ruling by trying again in state court. Further, Big Sky says that it will be prejudiced if the Court dismisses Cohen because if Cohen's capital call obligations are litigated in the state court case and the state court decides in favor of Cohen, it will be unable to collect that which, according to Big Sky, this Court held was owed to Big Sky in its order denying Cohen's motion to void the settlement agreement and receivership appointment. (Doc. 38).

3.

Big Sky's argument against Cohen's voluntary dismissal lacks merit. Under Fed. R. Civ. P. 41(a)(2), the Court has discretion to dismiss a party when a defendant will not suffer "plain legal prejudice." Id. Further, the Sixth Circuit has held that a second lawsuit alone is not sufficient to show plain legal prejudice. Grover, supra. Accordingly, on this ground Big Sky's argument fails.

Moreover, here, the underlying case deals with a mortgage foreclosure dispute between Huntington and Big Sky seeking to collect against an unpaid loan debt, not a

dispute between Cohen and Big Sky. Indeed, Cohen's interest in the case involves his attempt to put a halt on the Property sale by asserting his membership rights; membership rights that Big Sky originally disputed. It follows then that when the Court denied Cohen's motion and granted Huntington's, i.e., allowing the Property sale to go forward, Cohen's interest as intervenor went away absent an appeal, which he says he has chosen not to pursue. The state case, on the other hand, deals directly with the dispute between Cohen and Big Sky as it relates to his membership rights. Likewise, it makes sense for his capital call liabilities, if any, to be resolved in the state court case.

Accordingly, Big Sky has not shown it will be prejudiced by a voluntary dismissal of Cohen because, standing alone, the second lawsuit is not sufficient to meet the plain legal prejudice standard under Fed. R. Civ. P. 41(a)(2). Thus, Cohen should be dismissed.

B.

Next, Big Sky argues that if the Court decides to dismiss Cohen, it should order a conditional dismissal that Cohen cannot re-litigate any of this Court's findings. Big Sky is incorrect.

As an initial matter, the Court disagrees that it made an express finding related to Cohen's capital call liability to Big Sky. Rather, the Court's narrow holding related only to whether Cohen had membership voting rights sufficient to invalidate membership decisions that required majority consent, which he did not. (See Doc. 38) ("Cohen lost his voting rights because he failed to pay the capital calls. Thus, Cohen's vote was not required to approve the receivership, the settlement, or the consent to judgment against Big Sky."). In other words, Big Sky's ability to collect against Cohen for unpaid capital calls was outside the scope of the matter before the Court and was left for another day. Thus, the Court will

not order dismissal with a condition barring Cohen from litigating disputes with Big Sky or its members.

C.

Big Sky also says that it is entitled to costs and attorney fees. The Court agrees that Big Sky should be compensated for its time litigating matters related to Cohen. See <u>Spar Gas, Inc. v. AP Propane, Inc.</u>, 972 F.2d 348, *2 (6th Cir. 1992) (Attorney fees are "permitted against the dismissing party on a dismissal without prejudice, for the express purpose of 'compensat[ing] the defendant for expenses . . . in the light of the fact that a new action may be brought in another forum.'") (quoting <u>Smoot v. Fox</u>, 353 F.2d 830, 833 (6th Cir.1965)). Big Sky shall submit a statement of reasonable costs and attorney fees within thirty (30) days. Cohen may respond within thirty (30) days of Big Sky's filing.

D.

Finally, as to the motion for leave to amend, Big Sky says that it should now be allowed to bring two breach of contract counterclaims against Cohen related to his Big Sky membership and capital call obligations. (Doc. 50-1). Big Sky is incorrect.

Particularly, the Court chooses not to exercise jurisdiction over Big Sky's proposed breach of contract claims because for the reasons set forth above in the Court's decision to dismiss Cohen, the proposed state law claims are better suited for resolution in state court. See <u>Yax v. UPS</u>, 196 Fed.Appx. 379, 383 (6th Cir. 2006) ("Supplemental jurisdiction should be exercised only in cases where the 'interest of judicial economy and the avoidance of multiplicity of litigation' outweigh our concern over 'needlessly deciding state law issues.'") (quoting <u>Landefeld v. Marion Gen. Hosp., Inc.</u>, 994 F.2d 1178, 1182 (6th Cir.1993)); see also <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966).

Thus, while the Court does have discretion under Fed. R. Civ. P. 15(a) to grant leave to amend as justice requires, leave to amend to add state law counterclaims when the underlying mortgage foreclosure for which Huntington's claim was originally brought is all but resolved is not in the interest of justice here. See FDIC v. Project Development Corp., 819 F.2d 289, *3-4 (6th Cir. 1987) (finding that choosing not to retain supplemental jurisdiction is a proper ground for which to deny leave to amend under Fed. R. Civ. P. 15(a)).

## V. CONCLUSION

Thus, for the above reasons, Cohen's motion for voluntary dismissal is GRANTED. Further, Cohen's motion for a protective order as to his deposition is DISMISSED as moot because he is no longer a party to the lawsuit. Finally, Big Sky's motion for leave to amend to bring counterclaims against Cohen is DENIED.

As to Big Sky's motion for joinder, the case manager will schedule a conference with the parties to discuss the future course of the case including the request to join Big Sky Partners as parties.

SO ORDERED.


Dated: February 8, 2011  　　　　S/Avern Cohn  
　　　　　　　　　　　　　　　　AVERN COHN  
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 8, 2011, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　S/Julie Owens  
　　　　　　　　　　　　　　　　Case Manager, (313) 234-5160