UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL BANK,

    Plaintiff,

                                                    Case No.10-10346
-vs-                                  HON. AVERN COHN

BIG SKY DEVELOPMENT FLINT, LLC, et al.,

    Defendants,

and

BARRY COHEN,

    Intervenor.

_____/



## MEMORANDUM AND ORDER AWARDING ATTORNEY FEES

### I. INTRODUCTION

This case arises out of a mortgage foreclosure action on properties which have since been sold. Now before the Court is Defendants Big Sky Development Flint, LLC; Big Sky Development Grand Rapids, LLC; and Big Sky Development Saline, LLC's (collectively Big Sky) statement of reasonable attorney fees. For the reasons that follow, Big Sky will be awarded $14,002.80.

### II. BACKGROUND

Big Sky is comprised of Michigan limited liability companies. Plaintiff Huntington National Bank (Huntington), not a party in the present matter, made loans to Big Sky, which were secured by mortgages on real property located in Flint, Grand Rapids, Saline, and Wixom, Michigan. After Big Sky defaulted on the loans, Huntington filed this action to collect payment on the loans secured by the Flint, Grand Rapids, and Saline properties

(collectively property).

Later, the parties agreed to a stipulated order appointing a receiver and memorializing a partial settlement agreement, which was entered by the Court. (Doc. 6). However, Barry Cohen (Cohen), a disputed Big Sky member, filed a motion to intervene to contest the receivership. (Doc. 11). The Court granted the motion, finding that Cohen stated sufficient facts to allow him to assert membership rights. (Doc. 22).

Cohen then moved the Court to void the partial settlement and appointment of receiver on the ground that the Big Sky members did not have the authority to approve the agreements without majority, i.e., Cohen's consent. (Doc. 24). On September 16, 2010, the Court denied Cohen's motion generally because his failure to pay member capital calls diluted his membership voting rights to zero, effectively defeating his argument that Big Sky's approval was invalid without his vote. (Doc. 38). At the same time, Huntington and the Receiver moved for an order approving the property sale and transferring all liens, mortgages, claims, security interests and other encumbrances to the net proceeds of sale, (Doc. 32), which the Court granted. (Doc. 38). The property sale has since closed.

Next, arguing that his interest in the case had ceased, Cohen filed a motion for voluntary dismissal. At the same time, Big Sky filed a motion for (1) leave to amend its answer and to bring a counterclaim against Cohen, and (2) joinder of Big Sky Partners, LLC and Big Sky Partners Two, LLC (collectively Big Sky Partners). (Doc. 50). The Court granted Cohen's voluntary dismissal motion and denied Big Sky's motion for leave to amend because the remaining proposed breach of contract counterclaims against Cohen are better suited for state court. (Doc. 54). The Court also granted reasonable attorney fees to Big Sky. (Id.).

2

## III. STANDARD OF REVIEW

A court may award attorney fees "to serve a particular purpose, whether it is protecting the defendant from undue prejudice, sanctioning vexatious conduct, or other reasons." Spar Gas, Inc. v. AP Propane, Inc., 972 F.2d 348, 1992 WL 172129, *2 (6th Cir. 1992) (affirming district court's award of reasonable attorney fees, but reversing the amount awarded because the district court did not state the reasons for the award on the record). For example, in the case of a voluntary dismissal, a court "should award only those fees representing legal work that could not be used in subsequent litigation on the same claims." Id. In making its determination, a district court judge must "at least state the reasons for his award of fees." Id. at *3 (citing DWG Corp. v. Granada Investments, Inc., 962 F.2d 1201, 1202 (6th Cir. 1992)); see also Farocean Marine v. Romans, 189 Fed. App'x 382, 384 (6th Cir. 2006) (affirming district court's award of attorney fees: $11,000.00 in "fees and costs related to preparing [a third-party defendant's] motion to intervene"; and $13,000.00 for fees and costs incurred in "opposing [plaintiff's] motion to voluntarily dismiss").

## IV. ANALYSIS

Big Sky asserts that it is entitled to $35,254.53 in reasonable attorney fees and expenses incurred while litigating matters relating to Cohen. In support, Big Sky provided the Court with a detailed breakdown of the work performed and corresponding fees. (Docs. 58-1, 58-2). Generally, Big Sky claims work by two law firms, Taunt and Powell, for time spent defending: (1) Cohen's motion to intervene; (2) Cohen's motion to void the receivership appointment and settlement; and (3) Cohen's motion for voluntary dismissal.

3

Cohen responds that Big Sky is not entitled to attorney fees on the ground that the requested fees are not warranted nor reasonable. Alternatively, Cohen says that Big Sky should be compensated for work performed defending the motion to intervene, which he says equals $900.00 based on Big Sky's fee breakdown. He says that all other work product may be used to litigate the pending state court action involving the same issues, thus, Big Sky should not be compensated for it. Finally, Cohen says that only the Taunt law firm is entitled to attorney fees because it was the only firm involved in the litigation during the time that the motion to intervene was being litigated.

Here, Cohen's motion to intervene and for voluntary dismissal dealt with Cohen's involvement in the case, i.e., whether he was a proper party in the case. On the other hand, Cohen's motion to void the receivership appointment and settlement dealt with Cohen's substantive rights as it related to his contractual relationship with Big Sky. Under Spar Gas, supra, the latter is of the type of work product that may be used in the pending state court litigation, which involves claims by Cohen against Big Sky as follows: (1) intentional interference with Cohen's existing business relationships; (2) intentional interference with Cohen's prospective business relationships; (3) civil conspiracy, and (4) declaratory judgment against Big Sky's ability to collect unpaid capital calls. (Doc. 43-3). Accordingly, Big Sky is entitled to compensation for work performed during the motions to intervene and for voluntarily dismissal, and not the motion to void the receivership and settlement. See Spar Gas, supra.

Particularly, using Big Sky's breakdown of fees, Big Sky is entitled to $4,545.80 for work performed by the Taunt law firm defending Cohen's motion to intervene and voluntary

4

dismissal.[1]  Big Sky is further entitled to $9,457.00 for work performed by the Powell law firm defending only Cohen's motion for voluntary dismissal, due to the fact that the Powell law firm was not a firm of record at the time that the motion to intervene was litigated.[2]

## V. CONCLUSION

For the above reasons, Big Sky is awarded a total sum of $14,002.80. Big Sky may file objections to the amount including justification consistent with this decision within ten (10) days.  Cohen may respond within ten (10) days of Big Sky's objections.

SO ORDERED.

Dated:      AUG 1 5 2011

_____

AVERN COHN
UNITED STATES DISTRICT JUDGE

---

[1]See Doc. 58-1, p. 1, for line items describing work performed by the Taunt law firm on the motion to intervene between March 1, 2010, and June 29, 2010; see also pp. 4-5, for work performed on the motion for voluntary dismissal between 12/9/2010 and 2/8/2011.

[2]See Doc. 58-2, pp. 3-5, for line items describing work performed by the Powell law firm on the motion for voluntary dismissal between December 9, 2010, and January 30, 2011.

5